### NEWSHULER v. MAULE ET AL.

1. WHEN DISCHARGE IN BANKRUPTCY NOT A BAR TO REVIVOR OF JUDGMENT.

    In a proceeding to revive a judgment, where the judgment debtor pleads his discharge in bankruptcy, such discharge will not be a bar to such judgment where it appears that the original cause of action on which such judgment was rendered was one of fraud of the most active kind.

2. EFFECT OF PROCEEDING TO REVIVE UPON RECORD.

    The proceeding to revive such judgment brings the whole record of the original cause before the court.

ERROR ᾽) the court of common pleas of Cuyahoga county

HALE, J.

This case brings before this court a record in which a judgment rendered in favor of the defendant in error against the plaintiff in error was revived in

the court of common pleas. A motion was made to revive this judgment, and the only objection made to the revival of the judgment was that Newshuler had been released from its payment by a discharge in bankruptcy granted to him by the U. S. District Court, N. D. O. The examination of the record discloses that the cause of action upon which that judgment was rendered was one of fraud, in which Newshuler had sold to Maule, or attempted to sell to him, certain lands to which he had no title, and which contract he accomplished by fraud of the most active kind.

This is the record. Now, we hold that the whole record of that judgment is brought before the court by this judgment, and looking into the record we find it as I have stated. That being so, the discharge in bankruptcy would not release Mr. Newshuler, and we think the court of common pleas properly made its order reviving this judgment. There may be some objection to the manner in which it was got at, but the result was certainly right, and no error to the prejudice of the plaintiff in error ensued.

The judgment of the court of common pleas is affirmed.

*Wilson & David*, for Plaintiff in Error.

*W. C. Rogers* and *Olds & Willett*, for Defendant in Error.